UNITED STATES DISTRICT COURT  FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK

CHAYIM B. ALEVSKY,
individually and all other similarly situated
consumers,

                        Plaintiff,

- versus -

GC SERVICES LIMITED PARTNERSHIP,

                        Defendant.

ORDER

13-CV-6793 (JG)

A P P E A R A N C E S:

    DAVID PALACE
        383 Kingston Avenue, #113
        Brooklyn, NY 11213
        *Attorney for Plaintiff*

    CHAMBERLAIN, HRDLICKA, WHITE,
    WILLIAMS & AUGHTRY, P.C.
        1200 Smith Street, Suite 1400
        Houston, Texas 77002
    By:    William S. Helfand

    CARTER LEDYARD & MILBURN LLP
        2 Wall Street
        New York, New York 10005
    By:    Judith A. Lockhart
        Leonardo Trivigno
        *Attorneys for Defendants*

JOHN GLEESON, United States District Judge:

        This is an action under the Fair Debt Collection Practices Act ("FDCPA") arising from a series of phone calls allegedly made by defendant GC Services Limited Paternship ("GC") to plaintiff Chayim B. Alevsky during late 2012 and early 2013.

The FDCPA permits an aggrieved plaintiff to seek both actual damages and statutory damages, along with attorney's fees and costs associated with the action. *See* 15 U.S.C. § 1692k(a). Alevsky's complaint seeks all of these types of relief, along with injunctive relief. *See* Complaint ¶ 61, ECF No. 1. GC argues, however, that the Complaint merely asserts an entitlement to actual damages without putting forward any factual basis supporting that claim. On this basis, GC argues that the request for actual damages should be dismissed as conclusory under the standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

GC is mistaken. It is true that Alevsky has not offered any factual support for his claim for actual damages. But as a general matter, damages are not an element of a cause of action. A Rule 12(b)(6) motion therefore cannot challenge the demand for relief, since that motion tests the legal sufficiency of allegations (*i.e.*, the "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2)), not the request for relief (which need only be "a demand for the relief sought," Fed. R. Civ. P. 8(a)(3)). Likewise, the facial sufficiency of a claim under Rules 8(a)(2) and 12(b)(6) – including its plausibility under *Iqbal* and *Twombly* – does not depend on the relief requested. *See* 5 Wright & Miller, *Federal Practice and Procedure: Civil* § 1255 (3d ed. 2004) ("The sufficiency of a pleading is tested by the Rule 8(a)(2) statement of the claim for relief and the demand for judgment is not considered part of the claim for that purpose."). In other words, the plaintiff's complaint need not allege the *results* of the defendant's wrongful conduct; the complaint only need allege the elements of that wrongful conduct, and request relief as appropriate.[1]

---

[1] Under the Federal Rules, only "special damages" – a term employed, but not defined, by Rule 9(g) – must be pled with particularity. Since the FDCPA specifically permits a successful plaintiff to recover actual damages, I cannot conclude that actual damages are "not the necessary or usual [] consequence of the defendant's conduct," 5 Wright & Miller § 1310, and thus governed by Rule 9(b).

My view is consistent with the views of other courts. *See, e.g., Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.*, 242 F. Supp. 2d 273, 277-78 (S.D.N.Y. 2002) (in rejecting argument that a Rule 68 offer of judgment had mooted the case, holding that the complaint's statement that the plaintiff "has been damaged in an amount to be determined at trial" was sufficient); *Ortega v. Collectors Training Inst. of Illinois, Inc.*, 09-21744-CIV, 2011 WL 241948, at *4 (S.D. Fla. Jan. 24, 2011) ("Courts have found that in the context of FDCPA claims, a specific allegation regarding actual damages is not necessary to state a claim for such damages.") (citing *Sibersky*); *Smolinski v. Oppenheimer*, 11 C 7005, 2012 WL 2885175, at *3-4 (N.D. Ill. July 11, 2012) (holding that, even if plaintiff had not submitted an affidavit detailing emotional damages resulting from alleged FDCPA violation, dismissal of claim for actual damages would not be proper).

Defendant's motion to dismiss is denied.

So ordered.

John Gleeson, U.S.D.J.

Dated: April 30, 2014
Brooklyn, New York